**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SOSSAMMA GEORGE SEBASTIN, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 25-cv-14471** |
| v. | ) | |
| | ) | **Judge Jeffrey I. Cummings** |
| SEBASTIN FRANCIS, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**ORDER**</u>

The Court has reviewed the parties' recent filings and orders as follows.

Defendant Chinni Chilamkurti's [28] motion for extension of time to answer or otherwise plead is granted and defendant Chilamkurti has since responded to the operative pleading.

The Court has reviewed defendant David Finn's motion to vacate any technical default [41] and plaintiff's response [42], in which plaintiff does not oppose vacating any technical default against defendant Finn but only opposes the request for extension of time to answer or otherwise plead. Within its discretion, the Court grants defendant Finn's motion to vacate any technical default [41]. Defendant Finn shall answer or otherwise plead on or before April 17, 2026. In doing so, defendant Finn shall review the pending motions to dismiss and, if he moves to dismiss, consider joining and adopting the arguments of other defendants, where appropriate. In light of this ruling, plaintiff's motion for entry of default as to defendant David Finn [38] is denied as moot.

The Court is in receipt of the motions to dismiss filed by defendants Rhonda Bruno [26], Caryn Barone [30], and Chinni Chilamkurti [35]. The motions to adopt filed by defendants Barone [31] and Chilamkurti [36] are granted to the extent that the Court will consider the adopted arguments as appropriate to each defendant when resolving the pending motions to dismiss.

Plaintiff's motions for leave to file excess pages [33] [37] are granted. Although the Court disagrees that excess pages were required, to move this case along, the Court will consider plaintiff's responses as filed. The Court is not likely to grant any additional requests for excess pages related to any motions to dismiss in light of the extensive briefing to date.

Plaintiff's motion for extension of time [49], defendant Barone's motion for extension of time [54], and defendant Bruno's opposed motion for extension of time [57] related to briefing are granted. Bruno's previously filed motion for extension [50] is terminated as moot. Plaintiff's motion for leave to amend/correct response [51] is granted. Plaintiff's motion to

confirm briefing schedule on motions to dismiss [34] is denied as moot as plaintiff has since responded to the motions to dismiss and the Court considers those responses timely. If defendant Chilamkurti intends to file a reply in support of the motion to dismiss, any such reply shall be filed by April 17, 2026. The Court will then take the fully briefed motions to dismiss under advisement and will either issue a ruling by mail or set a hearing if appropriate.

The Court has reviewed the parties' initial joint status reports [47] [48], including certain parties' positions regarding a stay of discovery. Within its discretion, the Court stays discovery pending the resolution of the pending motions to dismiss. *Cent. States, Se. & Sw. Areas Pension Fund v. Waste Mgmt. of Michigan, Inc.*, 674 F.3d 630, 636 (7th Cir. 2012) (noting that "district courts enjoy broad discretion in controlling discovery.") (citation omitted); *see also* Fed.R.Civ.P 26(c) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). Although the filing of a motion to dismiss does not automatically stay discovery, *see SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1998), a stay is often appropriate where, as here, "the motion[s] to dismiss can resolve a threshold issue such as jurisdiction . . . or where . . . discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D.Ill. Oct. 28, 2008). Accordingly, discovery is stayed pending further order of the Court.

The April 24, 2025 tracking status hearing is stricken and reset to June 10, 2026 at 9:00 a.m. (to track the case only, no appearance is required).

**DATE: April 7, 2026**

_____

**Jeffrey I. Cummings**
**United States District Court Judge**

2